# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARENCE L. ROBERTS and ARKYLA MILLER,** | ) ) ) | |
| Plaintiffs, | ) ) | **CASE NO.:** |
| v. | ) ) ) | |
| **PRIME INSURANCE COMPANY 1-10; the person(s), firm(s), or corporation(s) who operated and/or controlled the commercial truck and trailer that contributed to injured Clarence L. Roberts at the times made the basis of this suit; 11-20, the person(s), firm(s) or corporation(s) who was or were the principal, master or employer of Bentarius Fonta Stewart and/or 1-10, who operated and/or controlled the commercial truck and trailer that contributed to injure Clarence L. Roberts at the times made the basis of this suit; 21-30, the person(s), firm(s), corporation(s) or other entities who, at the time of the crash made the basis of this suit, was or were responsible for hiring, retaining, monitoring and/or supervising Bentarius Fonta Stewart and/or fictitious defendants 1-10; 41-50, the person(s), firm(s) or corporation(s) or other entities who negligently trained, Educated supervised and/or monitored Bentarius Fonta Stewart who** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| **operated and/or controlled the commercial truck and trailer that contributed to injure Clarence L. Roberts at the times made the basis of this suit; 51-60, the person(s), firm(s) or corporation(s) responsible for qualifying and/or training Bentarius Fonta Stewart and/or fictious defendants 1-10, in Federal Motor Carrier Safety Regulation Compliance, operating a commercial truck and trailer, truck maintenance, and/or commercial truck and trailer responsibilities; 61-70, the person(s), firm(s) or corporation(s) responsible for and who did in fact assist or contribute in any way to tortious conduct made the basis of this suit; all of whose true names and legal identities are otherwise unknown to the Plaintiffs but who will be substituted by amendment when ascertained, separately and severally,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Prime Insurance Company ("Prime"), reserving all rights and defenses and without waiver thereof, removes to this Court a civil action originally filed in the Circuit Court of Mobile County, Alabama on the following grounds:

**I.   THE COMPLAINT AND REMOVAL**

2

1. This is a civil action filed on May 25, 2023, in the Circuit Court of Mobile County, Alabama, bearing case number 02-CV-2023-901051 (the "state-court action") by Plaintiffs Clarence L. Roberts ("Roberts") and Arkyla Miller ("Miller") (collectively, "Plaintiffs").

2. This case falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court by Prime in accordance with the provisions of 28 U.S.C. § 1441 because (1) it is a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) Prime is completely diverse from Plaintiffs.

3. This case arises from a motor vehicle accident that occurred on March 15, 2022. Plaintiffs assert claims against Prime for negligence; wantonness; negligent hiring, retention, monitoring, supervision and/or training; wanton hiring, retention, monitoring, supervision and/or training; and loss of consortium. (*See* Ex. A, state-court action file, at Doc. 2.)

4. Removal of this action is proper under 28 U.S.C. § 1446(a) because Mobile County, Alabama, where the state-court action was pending, is located in the Southern Division of the Southern District of Alabama. 28 U.S.C. § 81(c)(2). Because the Complaint was filed and pending in the Circuit Court of Mobile County, Alabama, this District is the proper venue for this action upon removal pursuant to U.S.C. § 1441(a).

5. Plaintiffs perfected service on Prime on June 1, 2023. (Ex. A, state-court action file, at Doc. 7.)

6. Defendants file this Notice of Removal within 30 days of service pursuant to 28 U.S.C. 1446(b). Removal is therefore timely.

## II. DIVERSITY JURISDICTION

7. Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### A. Amount in Controversy

8. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)).

9. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe* 613 F.3d at 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

10. It is facially apparent from the Complaint that the amount in controversy for the damages claimed by Plaintiff Roberts exceeds $75,000.00, exclusive of interest and costs.[1]

11. Plaintiff Roberts claims damages in the Complaint for a traumatic brain injury allegedly sustained by him in the underlying automobile accident. Roberts also claims damages for "serious bodily harm, personal injury . . . medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages." (Ex. A, state-court action file, at Doc. 2, ¶¶ 24, 32, and 36.)

12. The Eleventh Circuit has recently held that complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that

---

[1] Plaintiff Miller only a claims loss the consortium of Roberts, her husband, in Count Five of the Complaint, as she was not involved in the automobile accident. However, "when there are multiple plaintiffs in an action . . . federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount." *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)). Thus, if Roberts's claims alone exceed the $75,000 jurisdictional threshold, then federal subject matter jurisdiction exists for Miller's claim as well.

these claims are worth more than $75,000. *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020) (citing *Gebbia v .Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). In *Hickerson*, the Eleventh Circuit held that "[f]rom the alleged traumatic brain injuries alone, the district court could reasonably infer or deduce that the cost of treatment would satisfy the jurisdictional amount." *Hickerson*, 818 F.App'x at 883 (citing *Roe,* 613 F.3d at 1062; *see also Hudson v. Illinois Cent. R.R. Co., Inc.*, No. CV 1:17-00424-KD-N, 2018 WL 1004877, at *3 (S.D. Ala. Feb. 21, 2018) (holding that plaintiff's injuries, which included, *inter alia*, a traumatic brain injury, satisfied the amount in controversy requirement for purposes of removal.)

13.    Moreover, Roberts has alleged wantonness and wanton hiring, retention, monitoring, supervision and/or training claims for which Roberts could potentially recover punitive damages. (Ex. A, state-court action file, at Doc. 2, ¶¶ 28, 36.) "In determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."[2] *Blackwell v. Great Am. Fin. Res., Inc.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

---

[2] Prime does not concede that punitive damages are warranted in this case, and reserves any and all rights to challenge the same. Instead, Prime merely points out that punitive damages may be awarded in wantonness claims under Alabama law.

14. In light of the foregoing, especially based upon Roberts' allegation of a "traumatic brain injury," it is facially apparent from the Complaint that the amount in controversy, more likely than not, exceeds the amount-in-controversy requirement.

15. Further, Plaintiffs in this action are also prosecuting another civil action based upon the same underlying automobile accident, with the same claims and alleged damages. That action is pending before this Court with the style *Clarence L. Roberts and Arkyla Miller v. Bentarious Fonta Stewart et al.*, Case No.: 1:22-CV-187 (the "Stewart action"). Plaintiffs have the same counsel for both this case and the Stewart action. On February 14, 2023, in the Stewart action, Plaintiffs' counsel made a settlement demand to defense counsel of $3,500,000. (Ex. B, Kittrell February 14, 2023, letter.) In this settlement demand, Plaintiffs' counsel states that this demand of $3,500,000 will expire on March 17, 2023, and that thereafter the demand is subject to increase over and above $3,500,000.

16. Thus, the amount in controversy in this action exceeds the amount-in-controversy threshold of $75,000.

**B.   Complete Diversity of the Parties**

   **i.   Citizenship of the Plaintiffs**

17. The Complaint alleges that Plaintiffs are both "residents" of Mobile County, Alabama. (Ex. A, state-court action file, at Doc. 2, ¶¶ 1–2.) The Complaint

does not use the term "citizen" as required for analysis under 28 U.S.C. § 1332. Nonetheless, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 239 F.3d 1254, 1257 (11th Cir. 2002) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *McCormick*, 293 F.3d at 1257-58 (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

18.   In addition to the allegations contained in the state court action, the accident report lists Roberts' address as 478 Scott Drive, Saraland, Alabama 36571. (Ex. C, Accident Report.) Miller was not involved in the accident and is therefore not listed in the accident report. However, Miller has made a claim for loss of consortium for Roberts, her husband; therefore, Prime must assume that Miller resides in Saraland with Roberts. As such, Prime has established that both Plaintiffs have their "true, fixed, and permanent home" in the State of Alabama. Thus, Plaintiffs are Alabama citizens.

       **ii.**    **Citizenship of Prime**

19.   In the Complaint, Plaintiffs allege that "[Prime] is an insurance carrier engaged in the selling of commercial liability insurance policies in the state of

Alabama." (Ex. A, state-court action file, at Doc. 2, ¶ 3.) However, Prime was served with the Complaint at 8722 S Harrison Street, Sandy, UT 84070. (*Id* at Doc. 7.)

20. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). The phrase "principal place of business" refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, or its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S., 175 L.Ed. 2d 1029 (2010).

21. Prime was incorporated by the State of Illinois. (Ex. D, Declaration of Daniel Fuelling.).

23. Prime's nerve center, principal place of business, and leadership are all headquartered in the State of Utah. Further, all of Prime's executive and administrative functions are carried out in the State of Utah. (*Id.*)

24. Based on the foregoing, there is complete diversity between Plaintiffs (Alabama citizens) and Prime (Illinois and/or Utah citizens).

### III. PROCEDURAL NOTICE

25. In conformity with 28 U.S.C. § 1446(d), Prime is serving this Notice of Removal on Plaintiffs. In further compliance with 28 U.S.C. § 1446(d), Prime will file a copy of this Notice of Removal with the Circuit Clerk of Mobile County,

Alabama, promptly after receiving a file-stamped copy of the same from the Clerk of this Court.

Respectfully submitted this the 29th day of June 2023.

                                          /s Blake L. Oliver
                                          Blake L. Oliver (OLI020)
                                          Attorney for Defendant Prime Insurance Company

**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506
Email: oliver@samfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2023, I electronically filed the foregoing using the CM/ECF system, which will send electronic notification of such filing to the following:

W. Bradford Kittrell
ANDY CITRIN INJURY ATTORNEYS, PC
Post Office Box 2187
Daphne, Alabama 36526
brad@citrinlaw.com

                                          /s Blake L. Oliver
                                          OF COUNSEL