ELECTRONICALLY FILED
5/25/2023 2:18 PM
02-CV-2023-901051.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-CV-2023-901051.00<br><br>Date of Filing:<br>05/25/2023 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**CLARENCE L. ROBERTS ET AL v. PRIME INSURANCE COMPANY**

EXHIBIT A

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other       **First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

KIT008                5/25/2023 2:18:30 PM              /s/ William Bradford Kittrell
_____        _____        _____
                        Date                            Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☐ NO

ELECTRONICALLY FILED
5/25/2023 2:18 PM
02-CV-2023-901051.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **CLARENCE L. ROBERTS and** * | |
| **ARKYLA MILLER** * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Action No.:  CV-2023- |
| * | **PLAINTIFFS REQUEST A** |
| **PRIME INSURANCE** * | **TRIAL BY JURY** |
| **COMPANY 1-10;** the * | |

**CLARENCE L. ROBERTS and
ARKYLA MILLER**

      Plaintiff,

v.

**PRIME INSURANCE
COMPANY 1-10;** the
person(s), firm(s),or corporation(s)
who operated and/or controlled the
commercial truck and trailer that
contributed to injure Clarence L.
Roberts at the times made the basis
of this suit; **11-20**, the person(s),
firm(s) or corporation(s) who was or
were the principal, master or
employer of Bentarius Fonta Stewart
and/or 1-10, who operated and/or
controlled the commercial truck and
trailer that contributed to injure
Clarence L. Roberts at the times
made the basis of this suit; **21-30**,
the person(s), firm(s), corporation(s)
or other entities who, at the time of
the crash made the basis of this suit,
was or were the owner(s) of the
commercial vehicle being operated
by Bentarius Fonta Stewart; **31-40,**
the person(s), firm(s) corporation(s)
or other entities who was or were
responsible for hiring, retaining,
monitoring and/or supervising
Bentarius Fonta Stewart and/or
fictitious defendants 1-10; **41-50**,
the person(s), firm(s) or corporation(s)
or other entities who negligently
trained, educated, supervised
and/or monitored Bentarius Fonta
Stewart who operated and/or
controlled the commercial truck
and trailer that contributed to injure

Civil Action No.:  CV-2023-

**PLAINTIFFS REQUEST A
TRIAL BY JURY**

| Clarence L. Roberts at the times made | * |
| the basis of this suit; **51-60**, the | * |
| person(s), firm(s) or corporation(s) | * |
| responsible for qualifying and/or | * |
| training Bentarius Fonta Stewart | * |
| and/or fictitious defendants 1-10, | * |
| in Federal Motor Carrier Safety | * |
| Regulation Compliance, operating | * |
| a commercial truck and trailer, | * |
| truck maintenance, and/or | * |
| commercial truck and trailer | * |
| responsibilities; **61-70**, the person(s), | * |
| firm(s) or corporation(s) responsible | * |
| for and who did in fact assist or | * |
| contribute in any way to tortious | * |
| conduct made the basis of this suit; | * |
| all of whose true names and legal | * |
| identities are otherwise unknown | * |
| to the Plaintiffs but who will be | * |
| substituted by amendment when | * |
| ascertained, separately and | * |
| severally, | * |
|  | * |
| **Defendants.** | * |
|  | * |

## COMPLAINT

COME NOW, Plaintiffs CLARENCE L. ROBERTS and ARKYLA MILLER, and file this Complaint against Defendant PRIME INSURANCE COMPANY; and fictitious defendants 1-70; individually and jointly, as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff CLARENCE L. ROBERTS (sometimes referred to as "Mr. Roberts" or "Plaintiff") is over the age of nineteen years and is a resident of Mobile County, Alabama.

2.    Plaintiff ARKYLA MILLER (sometimes referred to as "Ms. Miller" or "Plaintiff") is over the age of nineteen years and is a resident of Mobile County, Alabama.  Further, at all times material to this Complaint, ARKYLA MILLER was married to CLARENCE L. ROBERTS, as she so remains.

3.    Defendant PRIME INSURANCE COMPANY (hereinafter "PRIME") is an insurance carrier engaged in the selling of commercial liability insurance policies in the state of Alabama;

4.    On or around November 13, 2021 and February 24, 2022, Prime was engaged to provide a commercial insurance policy for UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING ("MK-TRUCKING") and its drivers, and, at the same time undertook to review, vet, and hire each driver applicant including Bentarius Stewart. MK Trucking operates commercial trucks and is subject to the Federal Motor Carrier Safety Regulations.

5.    Prime also engaged in the hiring of drivers for MK Trucking, which included compliance with the Federal Motor Carrier Safety Regulations.

6.    Defendants 1-70 are fictitious defendants whose actions or inactions caused and/or contributed to cause the injuries described in detail throughout this Complaint and suffered by Plaintiff Clarence L. Roberts. The names and true legal identities of fictitious defendants 1-70 are otherwise unknown at this time but will be substituted by amendment when ascertained.

7.    On March 15, 2022 at or about 7:52 p.m., Bentarius Stewart, acting as agent of or employee for defendant PRIME and  MK-TRUCKING, was operating a

commercial truck and trailer owned, rented or leased by MK-TRUCKING when while holding a cell phone in his hand, negligently and wantonly ran a stop sign at Red Fox Road, caused said commercial truck and trailer to violently crash into the vehicle being operated by Plaintiff CLARENCE L. ROBERTS. Plaintiff CLARENCE L. ROBERTS' vehicle was dragged underneath an MK-TRUCKING tractor-trailer.

8.     At the time of said crash, Plaintiff CLARENCE L. ROBERTS, was lawfully operating a 2018 Honda Accord Northbound on US-43 with the benefit of the legal right-of-way.

9.     As a direct consequence of Bentarius Stewart's failure to operate the commercial truck and trailer in a safe manner, a high energy crash occurred. The crash crushed the 2018 Honda Accord being driven by Plaintiff CLARENCE L. ROBERTS, which caused him to suffer significant personal injuries.

10.     MK Trucking began the hiring process of Bentarius Stewart on or around October 2021.

11.     On or around November 2021, PRIME hired and/or authorized the hiring of Bentarius Stewart.

12.     Mr. Stewart later quit after 3-4 weeks of employment.

13.     Mr. Stewart then returned around February 2022, and, again, began the employment process.

14.     On or around February 2022, PRIME authorized the hiring of Bentarius Stewart.

4

15.    At the time of his hiring, MK Trucking collected documents, applications, and drug testing items, then submitted those to Prime, which would in turn hire the driver.

16.    Mr. Stewart made numerous misrepresentations in his application that would render him incompetent as a commercial tractor-trailer driver hauling flatbed loads upon *any* investigation or audit by Prime Insurance or MK Trucking.

17.    The underlying case against the employer is pending in the United States District Court for the Southern District of Alabama, Case No.: 1:22-CV-187-KD-M.

18.    The corporate representatives of Unlimited Deliveries testified after the time to amend the pleadings expired.

19.    The corporate representatives of Unlimited Deliveries testified repeatedly that PRIME approved and was responsible for the hiring of all of its drivers, including Mr. Stewart.

20.    Based upon the aforesaid for the acts and omissions set out and described herein, the law of the State of Alabama provides remedy under statutory and common law causes of action.

## FIRST CAUSE OF ACTION
### (Negligence)

21.    Plaintiff incorporates here all of the allegations contained under the section GENERAL ALLEGATIONS, paragraphs 1-20, as if set forth fully herein.

22.     The serious injuries described in detail throughout this Complaint and suffered by Plaintiff CLARENCE L. ROBERTS, were proximately caused by the negligence of Defendant PRIME, including but not limited to the following:

(a)     by failing to investigate or audit Mr. Stewart's misrepresentations concerning the amount of driving experience;

(b)     the failure to investigate or audit Mr. Stewart's concealment of a careless driving conviction in April 2021;

(c)     by the failure to investigate or audit Mr. Stewart's work history;

(d)     by the failure to comply with the investigative requirements of Part 391 of the FMCSR;

(e)     by the failure to require Mr. Stewart to properly complete the application for employment;

(f)     by the failure to properly investigate Mr. Stewart's driving experience;

(g)     the failure to investigate or audit all employment and periods of unemployment in the three years preceding his application and all driving experience in the 10 years prior;

(h)     by the failure to require a road test of Mr. Stewart as is required under all accepted safety practices;

(i)     by the failure to adequately train Mr. Stewart and restrict or limit cell phone usage while driving;

(j)     by the failure to investigate Mr. Stewart's activities during the three-to-four-month absence between the two employment periods;

(k)     failure to ensure and comply with adequate hiring practices before hiring its drivers;

(l)     failure to ensure an adequate safety culture and compliance with the Federal Motor Carrier Safety Regulations and industry standards.

23.     At the time of the crash made the basis of this Complaint, Defendant STEWART was acting within the scope of his employment for; with the authority of; or as an agent for Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING, by performing an act for, or an act closely related to an act which Defendant STEWART was hired or asked to perform by Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING as principal or employer.

24.     As a proximate consequence of the above-described negligence of the Defendants, Plaintiff CLARENCE L. ROBERTS was caused to suffer the following injuries and damages:  serious bodily harm, personal injury, traumatic brain injury, medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages.

WHEREFORE, Plaintiff CLARENCE L. ROBERTS, seeks judgment against Defendant PRIME and fictitious defendants 1-70, individually and jointly, for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury.

## SECOND CAUSE OF ACTION
### (Wantonness)

25.    Plaintiff incorporates here all of the allegations contained in paragraphs 1-24 as if set forth fully herein.

26.    The serious injuries described in detail throughout this Complaint and suffered by Plaintiff CLARENCE L. ROBERTS, were proximately caused by the wantonness of Defendant PRIME, including but not limited to the following:

(a)    by failing to investigate or audit Mr. Stewart's misrepresentations concerning the amount of driving experience;

(b)    the failure to investigate or audit Mr. Stewart's concealment of a careless driving conviction in April 2021;

(c)    by the failure to investigate or audit Mr. Stewart's work history;

(d)    by the failure to comply with the investigative requirements of Part 391 of the FMCSR;

(e)    by the failure to require Mr. Stewart to properly complete the application for employment;

(f)    by the failure to properly investigate Mr. Stewart's driving experience;

(g)    the failure to investigate or audit all employment and periods of unemployment in the three years preceding his application and all driving experience in the 10 years prior;

(h)    by the failure to require a road test of Mr. Stewart as is required under all accepted safety practices;

(i)    by the failure to adequately train Mr. Stewart and restrict or limit cell phone usage while driving;

(j)    by the failure to investigate Mr. Stewart's activities during the three-to-four-month absence between the two employment periods;

(k)    failure to ensure and comply with adequate hiring practices before hiring its drivers;

(l)    failure to ensure an adequate safety culture and compliance with the Federal Motor Carrier Safety Regulations and industry standards.

27.    At the time of the crash made the basis of this Complaint, Defendant STEWART was acting within the scope of his employment for; with the authority of; or as an agent for Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING, by performing an act for, or an act closely related to an act which Defendant STEWART was hired or asked to perform by Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING as principal or employer.

28.    As a proximate consequence of the above-described negligence of the Defendants, Plaintiff CLARENCE L. ROBERTS was caused to suffer the following injuries and damages: serious bodily harm, personal injury, traumatic brain injury, medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages.

WHEREFORE, Plaintiff CLARENCE L. ROBERTS, seeks judgment against Defendant PRIME and fictitious defendants 1-70, individually and jointly, for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Retention, Monitoring and Supervision, and/or Training)

29.    Plaintiff CLARENCE L. ROBERTS incorporates all of the allegations contained in Paragraphs 1 through 28 as if set forth fully herein and further alleges as follows:

30.    Defendant PRIME and/or Defendants 21-70, negligently hired; retained; Bentarius Stewart, and as a proximate result Plaintiff CLARENCE L. ROBERTS suffered injuries and damages.

31.    The serious injuries described in detail throughout this Complaint and suffered by Plaintiff CLARENCE L. ROBERTS, were proximately caused by the negligence of Defendant PRIME and/or Defendants 21-70, including but not limited to the negligent conduct aforesaid.

32.    As a proximate consequence of the above-described negligence of the Defendants, Plaintiff CLARENCE L. ROBERTS was caused to suffer the following injuries and damages:  serious bodily harm, personal injury, traumatic brain injury, medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical  expenses,

financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages.

WHEREFORE, Plaintiff CLARENCE L. ROBERTS, seeks judgment against Defendant PRIME and fictitious defendants 1-70, individually and jointly, for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury.

## FOURTH CAUSE OF ACTION
### (Wanton Hiring, Retention, Monitoring and Supervision, and/or Training)

33.    Plaintiff CLARENCE L. ROBERTS incorporates all of the allegations contained in Paragraphs 1 through 32 as if set forth fully herein and further alleges as follows:

34.    Defendant PRIME and/or Defendants 21-70, wantonly hired; retained; Bentarius Stewart, and as a proximate result Plaintiff CLARENCE L. ROBERTS suffered injuries and damages.

35.    The serious injuries described in detail throughout this Complaint and suffered by Plaintiff CLARENCE L. ROBERTS, were proximately caused by the wantonness of Defendant PRIME including but not limited to the negligent conduct aforesaid.

36.    As a proximate consequence of the above-described wantonness of the Defendants, Plaintiff CLARENCE L. ROBERTS was caused to suffer the following

injuries and damages:  serious bodily harm, personal injury, traumatic brain injury, medical bills (past and future), permanent physical impairment, permanent scarring, physical pain and suffering (past and future), mental anguish, medical  expenses, financial loss, inconvenience, annoyance, loss of enjoyment and quality of life (past and future) and general damages.

WHEREFORE, Plaintiff CLARENCE L. ROBERTS, seeks judgment against Defendant PRIME and fictitious defendants 1-70, individually and jointly, for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury.

## FIFTH CAUSE OF ACTION
### (Loss of Consortium)

37.    Plaintiff ARKYLA MILLER incorporates all of the allegations contained in Paragraphs 1 through 36 as if set forth fully herein and further alleges as follows:

38.    Plaintiff ARKYLA MILLER further alleges that she was the wife of Plaintiff CLARENCE L. ROBERTS at the time of the events made the basis of this suit and remains so today.

39.    As a proximate consequence of the negligence and/or wantonness of Defendant PRIME and/or fictitious defendants 1-70, Plaintiff ARKYLA MILLER was caused to suffer the following injuries and damages:  she was caused to lose the consortium, services, love and companionship of her husband for some period of time in the past and will be caused to lose the same services for some period of time in the

future; and, in addition, she has rendered valuable nursing services to his wife during his period of convalescence, for which she should be compensated.

WHEREFORE Plaintiff ARKYLA MILLER seeks judgement against Defendant BENTARIUS FONTA STEWART, Defendant PRIME and/or fictitious defendants 1-70, individually and jointly, for all such sums as the jury may assess and are recoverable by law.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**

**Andy Citrin Injury Attorneys, P.C.**
Attorneys for Plaintiff

*/s/ W. Bradford Kittrell*
W. BRADFORD KITTRELL (KIT008)
P. O. Box 2187
Daphne, Alabama 36526
Telephone: (251) 888-8888
brad@citrinlaw.com

**THE FOLLOWING DEFENDANTS MAY BE SERVED BY CERTIFIED MAIL AS FOLLOWS**:

PRIME INSURNACE
8722 S. Harrison St.
Sandy, UT 84070

*/s/ W. Bradford Kittrell*
W. BRADFORD KITTRELL (KIT008)



AlaFile E-Notice

02-CV-2023-901051.00

To:  William Bradford Kittrell
     brad@citrinlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following complaint was FILED on 5/25/2023 2:18:35 PM

Notice Date:    5/25/2023 2:18:35 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**9214 8901 7301 4102 2300 0634 95**

**02-CV-2023-901051.00**

To:  PRIME INSURANCE COMPANY
     8722 S HARRISON STREET
     SANDY, UT 84070

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY**
**02-CV-2023-901051.00**

The following complaint was FILED on 5/25/2023 2:18:35 PM

Notice Date:      5/25/2023 2:18:35 PM

**SHARLA KNOX**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2023-901051.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY

**NOTICE TO:** PRIME INSURANCE COMPANY, 8722 S HARRISON STREET, SANDY, UT 84070

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), William Bradford Kittrell ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2187, Daphne, AL 36526 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CLARENCE L. ROBERTS

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 05/25/2023 | /s/ SHARLA KNOX | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ William Bradford Kittrell

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____       _____       _____

*(Type of Process Server)*       *(Server's Signature)*       *(Address of Server)*

_____

*(Server's Printed Name)*       *(Phone Number of Server)*

ELECTRONICALLY FILED
6/1/2023 10:09 AM
02-CV-2023-901051.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

Revised 1-1-014;  4-1-99;  11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____      *

_____      *

Plaintiff(s)                   *

Vs.                            *      CIVIL ACTION NO. _____

_____      *      DATE COMPLAINT FILED: _____

_____      *

Defendant(s)

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial.  A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties.  If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time.  Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which hall be filed not later than 270 days after the filing of the complaint.  If such motion is not filed by the 280th Day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties.  If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will  contain the following information:

(1)    The date the complaint was filed;

(2)    That the issues in this cause have been defined and joined;

(3)    That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)    That a jury demand has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore.  Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible.  Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority.  Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1.     EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE

a.     Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying.  The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial.  Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.  The objections shall include the correct name and entity and/or grounds relied on.

## 5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.  Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion.  Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.   JURY INSTRUCTIONS

a.   If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.  Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.   JURY SELECTION

a.   Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.   DUTY TO SUPPLEMENT DISCOVERY

a.   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

### 9.   MOTIONS GENERALLY

a.   If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

### 11.   CONFLICTS

a.   In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.

Done this _____ day of _____

_____
Presiding Judge, S. Wesley Pipes



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  KITTRELL WILLIAM BRADFORD
     brad@citrinlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was FILED on 6/1/2023 10:09:22 AM

Notice Date:     6/1/2023 10:09:22 AM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  PRIME INSURANCE COMPANY (PRO SE)
8722 S HARRISON STREET
SANDY, UT, 84070-0000

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was FILED on 6/1/2023 10:09:22 AM

Notice Date:    6/1/2023 10:09:22 AM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

June 1, 2023

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2023-901051.00 | Intended Recipient: |
| Document Type: Complaint | PRIME INSURANCE COMPANY  (D001) |
| Restricted Delivery Requested: No | 8722 S HARRISON STREET |
| | SANDY, UT 84070 |

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2300 0634 95**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered to Agent for Final Delivery |
| **Status Date / Time:** | June 1, 2023, 7:06 am |
| **Location:** | SANDY, UT 84091 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:
(Authorized Agent)



Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  KITTRELL WILLIAM BRADFORD
brad@citrinlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2023-901051.00
Judge: BEN H. BROOKS

To:  KITTRELL WILLIAM BRADFORD
brad@citrinlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  PRIME INSURANCE COMPANY (PRO SE)
     8722 S HARRISON STREET
     SANDY, UT, 84070-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

June 1, 2023

Dear Circuit Clerk:

| UJS Information | |
| --- | --- |
| Case Number: 02-CV-2023-901051.00 | Intended Recipient: |
| Document Type: Complaint | PRIME INSURANCE COMPANY (D001) |
| Restricted Delivery Requested: No | 8722 S HARRISON STREET |
| | SANDY, UT 84070 |

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2300 0634 95**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered to Agent for Final Delivery |
| **Status Date / Time:** | June 1, 2023, 7:06 am |
| **Location:** | SANDY, UT 84091 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

| Signature of Recipient: (Authorized Agent) |  |
| --- | --- |
| Address of Recipient: | Po Box 4439 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  KITTRELL WILLIAM BRADFORD
     brad@citrinlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  KITTRELL WILLIAM BRADFORD
     brad@citrinlaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2023-901051.00

Judge: BEN H. BROOKS

To:  PRIME INSURANCE COMPANY (PRO SE)
     8722 S HARRISON STREET
     SANDY, UT, 84070-0000

---

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CLARENCE L. ROBERTS ET AL V. PRIME INSURANCE COMPANY
02-CV-2023-901051.00

The following matter was served on 6/1/2023

**D001 PRIME INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov