IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE L. ROBERTS,** *et al.***,**    ) | |
|     **Plaintiff,**                    ) | |
|                                 ) | |
| **vs.**                             ) | **CIVIL ACTION 1:23-00241-KD-MU** |
|                                 ) | |
| **PRIME INSURANCE COMPANY,** ) | |
|     **Defendants.**                 ) | |

**ORDER**

This matter is before the Court on Defendant Prime Insurance Company's Motion to Dismiss (Doc. 5), Plaintiffs' Response (Doc. 12), and Defendant's Reply (Doc. 13).

Stemming from injuries arising from a motor vehicle accident, on May 25, 2023 Plaintiffs Clarence L. Roberts (Roberts) and Arkyla Miller (Miller) (collectively Plaintiffs) initiated this litigation in the Circuit Court of Mobile County, Alabama against Defendant Prime Insurance Company (Prime) for: 1) negligence; 2) wantonness; 3) negligent hiring, retention, monitoring, supervision and/or training; 4) wanton hiring, retention, monitoring and supervision and/or training; and 5) loss of consortium. (Doc. 1-1).[1] Specifically, Plaintiffs allege that on March 15, 2022 Roberts was struck by a commercial truck and trailer driven by Bentarius Stewart (Stewart), an employee of Prime and non-party Unlimited Deliveries LLC d/b/a MK-Trucking. (Doc. 1-1 at 4). Additionally Plaintiffs allege that "[a]t the time of the crash … STEWART was acting within the scope of his employment for; with the authority of; or as an agent for Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING, by performing an act for, or an act closely related to an act which … STEWART was hired or asked to perform by Defendant PRIME and UNLIMITED DELIVERIES LLC d/b/a MK-TRUCKING as principal or employer." (Doc.

---

[1] The related case by Plaintiffs against Stewart and employer Unlimited Deliveries, LLC d/b/a MK-Trucking is pending in this Court, CV 1:22-000187-KD-M.

1-1 at 8, 10 at ¶¶23, 27).[2] Moreover, Plaintiffs allege that "[t]he corporate representatives of Unlimited Deliveries (d/b/a MK-Trucking) testified repeatedly that PRIME approved and was responsible for the hiring of all of its drivers, including Mr. Stewart." (Doc. 1-1 at 5 at ¶19). On June 29, 2023, Prime removed this case to this Court on the basis of federal diversity subject matter jurisdiction. (Doc. 1).

On July 6, 2023, Prime filed a motion to dismiss all of the Plaintiff's claims pursuant to Fed.R.Civ.P. Rule 12(b)(6). (Doc. 5). In so moving, Prime moves to "incorporate by reference" the deposition transcripts of the aforementioned corporate representatives of Prime (Shane Walley (MK Trucking's hiring manager) and Josh Little (MK Trucking's safety director)) and attaches copies of these depositions to its motion. (Doc. 5 at 3-6; Doc. 5-1 (Dep. Walley); Doc. 5-2 (Dep. Little)). Per Prime, these deposition transcripts should be considered by the Court in ruling on its motion to dismiss because they are "central to the plaintiff[s'] claim[s] and … undisputed[,]" including that Plaintiffs' claims are premised on Stewart being an employee or agent of Prime who Prime hired or retained. (Doc. 5 at 1, 6, 9 (citing Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005)). Prime does not dispute the authenticity of these depositions, and relies on same.

In response, Plaintiffs assert that Prime "misunderstands the nature" of the claims. Per Plaintiffs, their claims are for direct negligence (Prime's voluntary assumption of a duty to vet MK Trucking's drivers prior to being hired) and wantonness as to assumption of duties by Prime, not *respondeat superior*: "[w]hile paragraphs 23 and 27 of the Complaint describe … Stewart as an agent or employee of Prime, his status as an agent or employee of Prime is not relevant to …. Counts 1 and 2 of the Complaint." (Doc. 12 at 1, 7). "While Plaintiffs do allege that Stewart was an agent/employee of Prime, this allegation is not central to Plaintiffs' claims for negligence and

---

[2] Plaintiffs reference Stewart as a defendant in this case. Stewart is not a defendant in this case.

wantonness against Prime. Instead, Plaintiffs are making claims of direct negligence against Prime for its own actions/inactions in vetting Stewart for hire." (Id. at 2). Additionally, Plaintiffs argue that their claims are rooted in Alabama's modified version of Section 324 of the Restatement (Second) of Torts because a third party may be held liable when it voluntarily undertakes a duty to another and performs that duty negligently, and insurance companies can be liable for undertaking a duty to vet drivers for trucking companies under Section 324. (Id. at 4-5). Moreover, Plaintiffs do not dispute the authenticity of the depositions, and quote Little's testimony in their Response. (Doc. 12 at 6-7).

In Reply, Prime argues that "the Plaintiffs' Response asserts a theory of liability absent in their complaint. The Plaintiffs now seem to rely entirely on the Restatement (Second) of Torts § 324 A (1965) and the legal principles set forth therein [for an assumption of duty to vet claim]. The Plaintiffs' theory of liability fails." (Doc. 13 at 2, 4). Prime then argues the substance and contents of the testimony, suggesting that such does not support Plaintiffs' claims.

As noted *supra*, Prime's Rule 12(b)(6) motion to dismiss attaches the depositions referenced in Plaintiffs' Complaint and seeks application of the incorporation by reference doctrine. (Doc. 5 at 6, 9). Rule 12(d) of the Federal Rules of Civil Procedure specifies as follows:

> (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion **must** be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). As such, "[o]rdinarily, the district court **must** convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint and its attachments." Roberts v. Carnival Corp., 824 Fed. Appx. 825, 826 (11th Cir. 2020) (emphasis added, citations omitted). *However*, while courts are "ordinarily barred from

3

considering facts not alleged in the complaint or documents attached to a motion to dismiss … an exception to this rule" exists. Id. This is the "incorporation by reference doctrine." Day v. Taylor, 400 F.3d 1272, 1275-1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134-1135 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-1369 (11th Cir. 1997). Pursuant to this doctrine, a court may treat a motion to dismiss as simply that even when documents are attached (and not convert it to a summary judgment), *so long as three (3) elements exist*: "we may also consider documents attached to the motion to dismiss if they are [1] referred to in the complaint, [2] central to the plaintiff's claim, and [3] of undisputed authenticity." Hi-Tech Pharms., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1189 (11th Cir. 2018) (emphasis added).

As to the first element, Plaintiffs' Complaint references the deposition testimony of corporate representatives Walley and Little, but does not incorporate the actual testimony. Plaintiffs assert that "[t]he corporate representatives of Unlimited Deliveries testified repeatedly that PRIME approved and was responsible for the hiring of all of its drivers, including Mr. Stewart." Prime disagrees with this interpretation of the deposition. It would be rare for deposition testimony to meet the "incorporation by reference doctrine" and in this case it does not, especially in light of the different interpretations of the deposition testimony.

Accordingly, it is **ORDERED** that the motion to dismiss (Doc. 5) is **DENIED**.[3]

**DONE** and **ORDERED** this the **15th** day of **August 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] Prime may re-file its motion as a motion for summary judgment, at which time a new briefing schedule will be entered.