IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE L. ROBERTS, *et al.*, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 1:23-00241-KD-MU |
| ) | |
| PRIME INSURANCE COMPANY, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion to amend the complaint (Doc. 17) and Defendant's response (Doc. 19).

Specifically, stemming from injuries arising from a motor vehicle accident, on May 25, 2023 Plaintiffs Clarence L. Roberts and Arkyla Miller (Plaintiffs) initiated this litigation in the Circuit Court of Mobile County, Alabama against Defendant Prime Insurance Company (Defendant) for: 1) negligence; 2) wantonness; 3) negligent hiring, retention, monitoring, supervision and/or training; 4) wanton hiring, retention, monitoring, supervision and/or training; and 5) loss of consortium. (Doc. 1-1). On June 29, 2023, Defendant removed this case to this Court. (Doc. 1). On July 6, 2023, Defendants filed a motion to dismiss. (Doc. 5). Embedded in their Response to Defendant's motion, Plaintiffs state: "Plaintiffs voluntarily dismiss the negligent/wanton hiring/supervision/retention claims." (Doc. 12 at 2 at n. 1). On August 15, 2023, the Court denied Defendant's motion to dismiss. (Doc. 15). On August 16, 2023, the Court issued an order regarding Plaintiffs' embedded attempt to voluntarily dismiss certain claims, specifying that when a plaintiff seeks to voluntarily dismiss a claim or certain claims, but not the entire case, a motion to amend the complaint is required. (Doc. 16). The Court ordered Plaintiffs to file a motion to amend the complaint if they sought to voluntarily dismiss their claims for negligent hiring, retention, monitoring, supervision and/or training, and wanton hiring, retention, monitoring, supervision and/or training. (Id.) On August 23, 2023, Plaintiff filed a motion to amend

the complaint, attaching a proposed amended complaint, to accomplish the same. (Doc. 17). On August 31, 2023, the Defendant filed a Response, stating it has no objection. (Doc. 19).

At this stage in the litigation, the ability to amend under Federal Rule of Civil Procedure 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Plaintiffs' amendment. Absent a defendant's written consent, Rule 15(a)(2) instructs that the Court "should freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

While there is no written consent filed by Defendant, its Response states that it does not oppose the requested amendment. (Doc. 19). Additionally, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the Defendant via the amendment, and/or futility. As stated *supra*, the Court is instructed to "freely give leave" to amend "when justice so requires" and when there is not "a substantial reason" to deny same. Upon consideration, it is **ORDERED** that Plaintiffs' unopposed motion to amend the complaint (Doc. 17) is **GRANTED.**

**DONE** and **ORDERED** this the **27th** day of **October 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**