## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE L. ROBERTS, *et al.*,        ) | |
| Plaintiffs,        ) | |
| ) | |
| v.        ) | CIVIL ACTION 1:23-00241-KD-MU |
| ) | |
| PRIME INSURANCE CO.,        ) | |
| Defendant.        ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Doc. 37) and Defendant Prime Insurance Company's response (Doc. 39).

The procedural background of this case was explained in the Court's recent Order denying Plaintiff's motion for leave to amend the complaint (Doc. 31):

> Stemming from injuries arising from a motor vehicle accident, on May 25, 2023 Plaintiffs Clarence L. Roberts and Arkyla Miller (Plaintiffs) initiated this litigation in the Circuit Court of Mobile County, Alabama against Defendant Prime Insurance Company (Defendant) for: 1) negligence; 2) wantonness; 3) negligent hiring, retention, monitoring, supervision and/or training; 4) wanton hiring, retention, monitoring, supervision and/or training; and 5) loss of consortium. (Doc. 1-1). On June 29, 2023, Defendant removed this case to this Court. (Doc. 1). On July 6, 2023, Defendants filed a motion to dismiss. (Doc. 5). On August 15, 2023, the Court denied Defendant's motion to dismiss. (Doc. 15). On August 16, 2023, the Court issued an order regarding Plaintiffs' improper embedded attempt to voluntarily dismiss certain claims in its response to Defendant's motion, ordering the filing of a motion to amend the complaint to accomplish such. (Doc. 16). On August 23, 2023, Plaintiffs filed a motion to amend the complaint with a proposed First Amended Complaint asserting claims against the Defendant for: 1) negligence; 2) wantonness; and 3) loss of consortium. (Docs. 17, 17-1). On August 31, 2023, Defendant filed a response stating it had no objection.  (Doc. 19). On October 27, 2023, the Court granted Plaintiffs' motion. (Doc. 20). However, Plaintiffs failed to file the First Amended Complaint, even though they were required to do so per SDAL Civil L.R. 15(c): "If the Court grants the motion to amend, the party must promptly file the amended pleading …" (emphasis added). Therefore, the Clerk of Court did not docket an amended complaint. Then, on October 30, 2023, Defendant filed an Answer, apparently to respond to the proposed First Amended Complaint (Doc. 17-1).  (Doc. 21).

1

> On January 24, 2024, Plaintiffs filed .. [a] motion to amend the complaint to add two (2) party defendants Southern Trace Underwriters, Inc. and Southern Insurance Specialists, Inc. without submitting a proposed amended complaint. (Doc. 31). Rather than strike the motion, on February 2, 2024, the Court ordered Plaintiffs to Supplement the motion by filing a proposed Second Amended Complaint (Doc. 32), which was filed on February 9, 2024 (Doc. 33). This is because such is required per SDAL Civil L.R. 15(b): "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." (emphasis added).
>
> A review of Plaintiffs' proposed Second Amended Complaint reveals further deficiencies -- only one (1) party defendant has been proposed to be added – Southern Insurance Specialists, Inc. (Doc. 33), yet no explanation for the discrepancy between the amendment sought (two (2) defendants) and the proposed amended complaint is provided.

(Doc. 36). However, the Court granted leave to Plaintiffs to file a new motion to amend the original complaint, attaching a proposed amended pleading.

On March 1, 2024, Plaintiffs timely filed a new motion to amend the original complaint, seeking to amend to remove certain claims they no longer wish to pursue and to add two (2) new defendants (Southern Trace Underwriters, Inc. and Southern Insurance Specialists, Inc.). (Doc. 37). On March 8, 2024, Defendant Prime Insurance Company filed a response stating that it has no objection to Plaintiff's motion. (Doc. 39).

At this stage in the litigation, the ability to amend under Federal Rule of Civil Procedure 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Plaintiffs' amendment. Absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2).  Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted).  Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

Defendant's Response states that it has no objection to the amendment. Additionally, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the Defendant via the amendment, and/or futility.  As stated *supra*, the Court is instructed to "freely give leave" to amend "when justice so requires" and when there is not "a substantial reason" to deny same. Upon consideration, it is **ORDERED** that Plaintiffs' unopposed motion for leave to amend the complaint and file a First Amended Complaint (Doc. 37) (as revised)[1] is **GRANTED.**[2]

**DONE** and **ORDERED** this the **11th** day of **March 2024.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] On Page One of the First Amended Complaint, Plaintiffs shall identify all defendants in the style of the case (the two (2) new defendants are not currently listed in the case style of Doc. 37-1). Additionally, in the body of the First Amended Complaint, Plaintiffs shall identify Southern Trace Underwriters, Inc. and Southern Insurance Specialists, Inc. as "defendants," including in the General Allegations (the two (2) new defendants are not currently identified as such in the General Allegations of Doc. 37-1) (e.g., to revise to read "6. Defendant Southern Insurance Specialists …. policy at issue.").

[2] SDAL Civil L.R. 15(c): "If the Court grants the motion to amend, the party must promptly file the amended pleading …"