IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE L ROBERTS,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 1:23-00241-KD-MU |
| ) | |
| **PRIME INSURANCE CO.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on *sua sponte* review of its subject matter jurisdiction.[1] Most recently, the Court granted Plaintiffs' unopposed Motion for Leave to File First Amended Complaint, (Doc. 37), in an Order that included several instructions for Plaintiffs. (Doc. 40 at 3 n.1, 2). Upon review, Plaintiffs properly identified all Defendants in the style of the case and in the body of the First Amended Complaint and promptly filed the amended pleading as ordered. (Docs. 40, 41). However, Plaintiffs failed to properly identify the citizenship of the newly added defendants. Under Rule 8 of the Federal Rules of Civil Procedure, "A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Per this Court's Civil L.R. 8,

> A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id. See also Arbaugh v. Y&H Corp., 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

>and the state in which the corporation has its principal place of business. If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members. A notice of removal asserting diversity jurisdiction must also assert a factual basis supporting the allegation that the requisite amount is in controversy.

SDAL Civil L.R. 8; see also 28 U.S.C. § 1332.

Plaintiffs originally filed this case in Mobile County Circuit Court. (See Doc. 1-1). As the removing party invoking diversity-of-citizenship jurisdiction under § 1332(a), Defendant Prime Insurance Company ("Prime") had the burden of establishing by a preponderance of the evidence the existence of complete diversity of citizenship and that the amount in controversy exceeded $75,000. S. Dall. Water Auth. v. Guar. Co. of N. Am., USA, 767 F. Supp. 2d 1284, 1293 (S.D. Ala. 2001) ("Where, as here, jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332, the removing party, The Guarantee Company, bears the burden of establishing complete diversity of citizenship, that is, that the plaintiff is diverse from all defendants, and, in addition, must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.") (cleaned up); Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.") (cleaned up). However, as the parties joining Defendants Southern Trace Underwriters, Inc. ("STU") and Southern Insurance Specialists, Inc. ("Southern Insurance") and asserting only state-law claims, Plaintiffs bear the burden of alleging facts supporting diversity-of-citizenship jurisdiction under § 1332(a).[2] Richard D. Freer, Civil Procedure § 4.7 (2d ed. 2009) ("*Every*

---

[2] In civil actions in which the district court has original jurisdiction founded solely on § 1332 – as here – supplemental jurisdiction does not extend to claims by plaintiffs against persons made parties under Fed. R. Civ. P. 20. 28 U.S.C. § 1367(b). While Plaintiffs did not explicitly invoke Rule 20 in their Motion for Leave to Amend Complaint to join STU and Southern Insurance as defendants, (Doc. 37), the allegations against STU and Southern

*single claim asserted in a case in federal court (not just plaintiff's original claim that got the case into federal court) must satisfy a basis of federal subject matter jurisdiction.*") (emphasis included); McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). To the extent that STU and Southern Insurance are of non-diverse citizenship from Plaintiffs, the Court has two options: to deny joinder or permit joinder and remand the action to Mobile County Circuit Court. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

The First Amended Complaint states that Plaintiffs Clarence L. Roberts and Arkyla Miller are "resident[s] of Mobile, County, Alabama." (Doc. 41). However, "citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added).[3] Plaintiffs must also identify, with respect to both STU and Southern Insurance, both the state of incorporation and the state in which the corporation has its principal place of business. See SDAL Civil L.R. 8. The operative timing for STU and Southern Insurance's citizenship is at the time the amended pleading is filed. See Maven Design, LLC v. Firefly Apps, Inc., 1:19-CV-03879-ELR, 2021 WL 9721152, at *5 (N.D. Ga. June 11, 2021). Accordingly, Plaintiffs are **ORDERED** to file and serve, no later than March 22, 2024, an amended complaint that corrects

---

in the Motion, (Doc. 37), and in the First Amended Complaint, (Doc. 41), support joinder under Rule 20. See Fed. R. Civ. P. 20(a)(2).

[3] Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick, 293 F.3d at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning wherever he is absent therefrom. Furthermore, a change in domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." Id. at 1257-58 (cleaned up).

the above-noted deficiencies in the First Amended Complaint to support diversity-of-citizenship jurisdiction under § 1332.

**DONE** this **15th** day of **March 2024**.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**